## UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LOUISE SWAIN, Administratrix for<br>the Estate of Jonathan C. Barton, Deceased<br>3902 Valley Green Court<br>Houston, TX 77059<br><br>        Plaintiff,<br><br>v.<br><br>LIFE INSURANCE COMPANY OF<br>NORTH AMERICA<br>1601 Chestnut Street<br>Philadelphia, PA 19192<br><br>        Defendant. | Civil Action No.: |

## COMPLAINT

Plaintiff, Lousie Swain, Administratrix for the Estate of Jonathan C. Barton, Deceased, hereby brings this civil action against Defendant Life Insurance Company of North America (hereinafter "Defendant LINA") and states as follows in support thereof:

### NATURE OF ACTION

1.     This case involves a claim for long term disability benefits under the employee welfare benefit plan ("the Plan") of The Vanguard Group, Inc., which is governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq.*  Plaintiff seeks recovery of benefits under the Plan pursuant to 29 U.S.C. § 1132(a)(1)(B).  The long term disability insurance policy of the Plan is insured and administered by Defendant LINA.

### JURISDICTION AND VENUE

2.     This court has jurisdiction over the issues raised herein pursuant to 29 U.S.C. §

1132(e)(1) and 28 U.S.C. § 1331.

3. Venue is proper in the Eastern District of Pennsylvania. *See* 29 U.S.C. §1132(e)(2) and 28 U.S.C. §1391(b).

4. ERISA provides a mechanism for administrative or internal appeal of benefits denials. *See* 29 U.S.C. §1133. Those mandatory avenues of appeal have been exhausted in this case; therefore, this civil action has been properly filed in federal court.

## PARTIES

5. Plaintiff, Louise Swain, is an adult individual currently residing in Harris County, Texas.

6. Plaintiff, Louise Swain, is the Administratrix of the Estate of Jonathan C. Barton, Deceased, having been appointed by the Register for the Probate of Wills of Berks County, Pennsylvania on November 30, 2015.

7. Plaintiff's Decedent, Jonathan C. Barton, died on August 16, 2015, and before his death resided at 180 Mulberry Court, Morgantown, PA 19543 of Berks County, Pennsylvania, located in the Eastern District of Pennsylvania.

8. Defendant LINA is a business entity with its principal place of business in Philadelphia, Pennsylvania, located in the Eastern District of Pennsylvania.

9. At all times relevant, the Plan constituted an "employee welfare benefit plan" as defined by 29 U.S.C. § 1002(1).

10. At all times relevant, Defendant LINA insured the Plan and was responsible for making claim determinations.

2

11. As an employee of The Vanguard Group, Inc., Plaintiff's Decedent, Jonathan C. Barton, received coverage under the Plan as a "participant" as defined by 29 U.S.C. § 1002(7).

## CLAIM FOR BENEFITS

12. Plaintiff's Decedent, Jonathan C. Barton, was hired by The Vanguard Group, Inc. on September 15, 2008.

13. Mr. Barton's job title at The Vanguard Group, Inc. was that of Client Relationship Associate.

14. Mr. Barton was an active full time employee of The Vanguard Group, Inc. through last date worked March 4, 2014, when he became disabled per the terms of the Plan.

15. Mr. Barton suffered severe physical impairments as the result of a March 4, 2014 motor vehicle accident.

16. Ms. Barton was unable to perform the material and substantial duties of his occupation from March 5, 2014 through the date he returned to work in good faith in June of 2015, due to the severity of his physical impairments, including but not limited to: degenerative disc disease of his lumbar spine, lumbar spondylosis, and low back pain.

17. Mr. Barton claimed short term disability benefits and was approved by administrator Sedgwick, who is not a party to this lawsuit, for payment of those benefits from March 5, 2014 through August 31, 2014.

18. A March 8, 2014 MRI of Mr. Barton's lumbar spine evidenced minimal degenerative disc disease of the lumbosacral junction with posterior annular tear.

3

19.    Mr. Barton filed his claim for long term disability benefits with Defendant LINA on June 23, 2014 under the Plan.

20.    If approved by Defendant LINA, Mr. Barton's long term disability benefits would have become payable on September 1, 2014.

21.    In a June 30, 2014 "Disability Certificate," treating orthopedic surgeon Dr. Robert Ruggiero, M.D. indicated Mr. Barton was "totally disabled" for one month, to be re-evaluated after injections.

22.    On August 4, 2014 a lumbar discogram evidenced positive concordant provocation at L5-S1 with annular disruption and degenerative disc disease and lower back pain.

23.    In an August 11, 2014 treatment note, treating orthopedic surgeon Dr. Robert Ruggiero, M.D. recommended a discectomy at L5-S1 with anterior and posterior lumbar interbody fusion with cages, screws, and bone graft.

24.    On August 11, 2014, Dr. Ruggiero wrote on a "Disability Certificate" that Mr. Barton was to "continue out of work x3 months."

25.    On August 22, 2014, Defendant LINA denied Mr. Barton's long term disability claim writing,

> *Based upon our review of your medical information on file,*
> *[we][sic] are unable to approve your claim for benefits as there*
> *are no restrictions or limitations documented regarding your*
> *current level of functionality. Furthermore, the available medical*
> *does not provide any documented deficits regarding impairments*
> *to your functionality which would prevent you from working. In*
> *addition, based upon the provided medical records, they do not*

4

> *medically continuously support significant physical functional*
>
> *deficits or limitations. According to the office notes from Dr.*
>
> *Ruggiero and Dr. Lee, there are no documented functional*
>
> *impairments, restrictions or limitations regarding your current*
>
> *level of functionality. As such, we are unable to support your claim*
>
> *for benefits as the information file does not support your inability*
>
> *to return to work to your sedentary occupation.*

26.     Defendant LINA's August 22, 2014 denial letter to Mr. Barton specifies that, "You have the right to bring a legal action for benefits under the Employee Retirement Income Security Act of 1974 (ERISA) section 502(a) following an adverse benefit determination on appeal."

27.     Mr. Barton underwent a medial branch block procedure in September of 2014 without significant pain relief.

28.     Mr. Barton appealed Defendant LINA's denial of long term disability benefits in a January 20, 2015 letter.

29.     On appeal, Mr. Barton provided additional evidence supporting his inability to perform the material and substantial duties of his Regular Occupation as a Client Relationship Associate.

30.     In a January 5, 2015 letter, long-time treating primary care physician Dr. Michael A. McGuire, M.D. opined, in pertinent part,

> *Jonathan was involved in a motor vehicle accident in March 2014.*
>
> *He has had lower back pain with radiation into buttocks and legs*
>
> *since that time. He has been diagnosed with a herniated disc at the*
>
> *level of L5-S1, with an annular tear. He has been treated*

5

> *conservatively with physical therapy and spine injections without*
> *much success.  He continues to have pain which not only keeps him*
> *from working but also affects his ability to carry out his activities*
> *of a daily basis.*

31.  Dr. McGuire's treatment notes document complaints of pain, radiating pain, stiffness, spasm, and decreased range of motion for which he was prescribed, at various point in time, Norco, Percocet, Mobic, Ibuprofen, and OxyCOTIN.

32.  Mr. Barton underwent lumbar fusion surgery on January 30, 2015.

33.  On review of Mr. Barton's appeal, Defendant LINA paid a medical consultant, orthopedic surgeon Dr. Alfred Mitchell, M.D. FACS, to review Mr. Barton's paper file.

34.  Dr. Mitchell never interviewed or physically examined Mr. Barton.

35.  Per Dr. Mitchell's March 2, 2015 report, he attempted to call Mr. Barton's orthopedic surgeon Dr. Ruggiero, who was unavailable, and spoke with "Jen the PA (physician assistant)" who "agreed that based on the objective evidence there was no reason the claimant's condition precluded a sedentary level of work with appropriate positional changes and routine low back precautions and restrictions."

36.  Per Dr. Mitchell's March 2, 2015 report, he spoke with Mr. Barton's primary care physician Dr. McGuire who "indicated treating the claimant from a primary care perspective and deferred to the treating orthopedic surgeons regarding the specifics of the spine condition."

37.  In the March 2, 2015 report, Dr. Mitchell ignores and/or minimizes the evidence supporting Mr. Barton's disability from his Regular Occupation, draws negative inferences adverse to Mr. Barton, and is tainted by a financial conflict of interest.

38.     Defendant LINA denied Mr. Barton's appeal in a March 20, 2015 letter.

39.     Defendant LINA concluded that Mr. Barton was capable of performing his occupation from March 5, 2014 through January 29, 2015, but that he was disabled from the date of his surgery for six weeks post-operatively.

40.     It is wrong and unreasonable for Defendant LINA to determine Mr. Barton's lumbar fusion surgery is disabling while simultaneously discrediting the severity of Mr. Barton's pre-surgical symptoms which necessitated the very same surgical procedure.

41.     Defendant LINA's March 20, 2015 letter specifies that a second appeal request is not required.

42.     Mr. Barton exhausted his mandatory administrative remedies under the Plan, thus this matter is ripe for suit.

43.     Defendant LINA failed to conduct a full and fair review of Mr. Barton's long term disability claim.

44.     Defendant LINA failed to investigate or credit the findings of short term disability administrator Sedgwick who determined that Mr. Barton was disabled from his occupation from March 5, 2014 through August 31, 2014, the maximum duration of those benefits.

45.     Defendant LINA ignored and dismissed Mr. Barton's credible, subjective complaints where he complied with all aspects of his conservative and operative medical care in search of pain relief.

46.     Defendant LINA failed to assess, in any meaningful way, if Mr. Barton's pain would have prohibited him from performing the material and substantial duties of his Regular Occupation from March 5, 2014 through January 29, 2015.

7

47.     Defendant LINA did not order an independent medical examination.

48.     Per the Plan, Defendant LINA had discretion to order an independent medical examination.

49.     Defendant LINA did not order a functional capacity evaluation.

50.     Per the Plan, Defendant LINA had discretion to order a functional capacity evaluation.

51.     Defendant LINA abused the Plan's grant of discretionary authority, if any.

52.     The determination by Defendant LINA that Mr. Barton is not disabled from March 5, 2014 through January 29, 2015 is contrary to the medical evidence of record and has no rational support in evidence.

53.     The determination by Defendant LINA that Mr. Barton is not disabled from March 5, 2014 through January 29, 2015 is contrary to the definition of disability and the terms of the Plan.

54.     Defendant LINA's determination to deny Mr. Barton's long term disability benefits claim was arbitrary and capricious.

55.     After recovering from his January 30, 2015 surgery, Mr. Barton returned to work in June of 2015.

56.     As a direct and proximate result thereof, based on the evidence submitted to Defendant LINA establishing that Mr. Barton met the Plan's definition of "Disability" as of March 5, 2014, Plaintiff is entitled to payment of monthly benefits retroactive from September 1, 2014, the first day benefits were payable, through Mr. Barton's return to work date in June of 2015, as well as payment of any return to work incentives through the date of Mr. Barton's death, August 16, 2015.

8

WHEREFORE, Plaintiff prays for the following relief:

A.      That the Court enter judgment in Plaintiff's favor and against Defendant; and

B.      That the Court order Defendant to pay past-due disability benefits to Plaintiff in an amount equal to the contractual amount of benefits to which Plaintiff's Decedent, Jonathan C. Barton, was entitled; and

C.      That the Court order Defendant to pay Plaintiff prejudgment interest on all benefits that have accrued prior to the date of judgment; and

D.      That the Court award Plaintiff attorney's fees pursuant to 29 U.S.C. § 1132(g); and,

E.      That Plaintiff recover any and all other relief to which she may be entitled, including but not limited to remand to Defendant LINA for further administrative proceedings, as well as the costs of suit.

Respectfully submitted,

By: _____

Joseph Capitan, Esq. 307043
Martin Law
1818 Market Street, 35th Floor
Philadelphia, PA 19103
p: 215.587.8400
f: 267-765-2031
jcapitan@paworkinjury.com
*Attorney for Plaintiff, Louise Swain, Administratrix of the Estate of Jonathan C. Barton, Deceased*

9